IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   5:04cr23/MCR/GRJ
           5:14cv154/MCR/GRJ

ROBERT JOHN COOK

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law. (Doc. 290.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the Court concludes that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine. (Docs. 140, 141.)  He was sentenced in June of 2005 to a term of life imprisonment (Doc. 153), and this sentence was later reduced to 240 months imprisonment. (Doc. 215.)  The district court subsequently denied three motions for sentence reductions pursuant to 18 U.S.C. § 3582. (Docs. 232, 253, 260.)  The Eleventh Circuit affirmed the denial of Defendant's § 3582 motion on September 25, 2013. (Doc. 285.)  Defendant

filed the instant motion to vacate pursuant to the prison mailbox rule[1] on June 17, 2014 (Doc. 290 at 13.) Defendant raises two grounds for relief in his motion. He contends that his sentence violates his fifth, fourteenth and eighth amendment rights because (1) his sentence was enhanced based on a prior state conviction that is no longer a qualifying predicate conviction, and (2) Defendant was incarcerated at the time of the underlying state court conviction and thus he is actually innocent of this offense.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Despite the facial untimeliness of Defendant's motion, he asserts that the motion is timely filed.

With respect to his first ground for relief, Defendant contends that his claim is boased on Sarmientos v. Holder, 742 F.3d 624 (5th Cir. 2014). In Sarmientos, the Fifth Circuit held that an alien's Florida state court conviction of delivery of cocaine was not categorically an aggravated felony under federal law and thus did not preclude the alien

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Case Nos.: 5:04cr23/MCR/GRJ; 5:14cv154/MCR/GRJ

from seeking cancellation of removal.  742 F.3d at 631.  Defendant appears to suggest that this holding, from a non-binding appellate court, constitutes "removal of a Government impediment" under 28 U.S.C. § 2255(f)(2).  To extend the statute of limitations under 2255(f)(2), Defendant must show that (1) there was governmental action, (2) in violation of the Constitution or laws of the United States, (3) which prevented him from filing his § 2255 motion, and (4) which action has been removed.  The Fifth Circuit's holding in Sarmientos is not such an impediment.   An unconstitutional or unlawful government impediment contemplated by this provision is more akin to an inability to access a law library or legal materials, or even an inadequate prison law library, not an intervening development in case law.  *See, e.g.,* Williams v. United States, 360 F. App'x 34 (11th Cir. 2010) (discussing impediments caused by prison lockdowns or inmate's inability to access legal materials); Stephen v. United States, 519 F. App'x 682, 684, n.1 (11th Cir. 2013) (citing cases holding that an inadequate law library may constitute an unconstitutional government imposed impediment); Outler v. United States, 485 F.3d 1273 (11th Cir. 2007) (rejecting claim that district court's recharacterization of earlier post-conviction motion as a § 2255 motion without notice to litigant was an unconstitutional impediment); Sanchez v. United States, 170 F. App'x 643, 647 (11th Cir. 2006) (alleged government impediment must be unconstitutional to afford relief under § 2255(f)(2)).  Such an impediment must cause actual harm, or unconstitutionally prevent Defendant from exercising his fundamental right of access to the courts.  Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000); Williams, 360 F. App'x at 36 (quoting Akins); Krause v. Thaler, 637 F.3d 558,

561 (5th Cir. 2011). Defendant has not met his burden of showing a government impediment in this case.

Defendant claims that his second ground for relief is timely under 28 U.S.C. § 2255(f)(4) because he did not discover the dates of the conviction used to enhance his sentence until he began researching his claim under <u>Sarmientos</u>. As an initial matter, Defendant's assertion is not credible, because information concerning the prior conviction would have been contained in Defendant's Presentence Investigation Report, which he reviewed with counsel before sentencing in 2005 (*see* doc. 281 at 3). Even if this were not the case, an extension of the one year time limitation under 2255(f)(4) requires that Defendant have exercised due diligence in discovering the facts supporting his claim. Defendant's assertion that he did not learn of the date of his 1999 conviction until he requested and received documents in 2014 does not establish an exercise of due diligence.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Defendant's apparent attempt to bootstrap claims on what he may have believed was a timely claim based on Alleyne fails and his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:04cr23/MCR/GRJ; 5:14cv154/MCR/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 290) should be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 25th day of June 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 5:04cr23/MCR/GRJ; 5:14cv154/MCR/GRJ